UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DELBERT R. MOLEBASH,**

    **Plaintiff,**

                                    Civil Action 2:16-cv-869
                                    Chief Judge Edmund A. Sargus, Jr.
    **v.**                              Magistrate Judge Chelsey M. Vascura


**NANCY BERRYHILL,**
**ACTING COMMISSONER OF**
**SOCIAL SECURITY,**

    **Defendant.**


## REPORT AND RECOMMENDATION

      Plaintiff, Delbert R. Molebash ("Plaintiff"), brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 18), Defendant's Memorandum in Opposition (ECF No. 21), Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 22), and the administrative record (ECF No. 11). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

**I.**

Plaintiff filed his applications for benefits protectively on January 10, 2013, and alleges that he became disabled on March 17, 2011. On March 11, 2015, following initial administrative denials of Plaintiff's applications, a hearing was held before Administrative Law Judge Thomas L. Wang (the "ALJ") (ECF No. 11-2, at PAGEID# 78-115).

At the hearing, Plaintiff, represented by counsel, appeared and testified. When asked why he could not work, Plaintiff testified that he has "scapula winging" of his left shoulder that prevented him from lifting his left arm above his head and that any range of motion over his head of his left shoulder was "sore, tender." (*Id*. at PAGEID# 84-85.) He added that he recently experienced problems with his right shoulder, which required surgery, yet continued to be "sore." (*Id.* at PAGEID# 85.) Plaintiff also said that he has "trembling" in his right hand, a problem with his left ankle, and that his weight impacted his mobility. (*Id.* at PAGEID# 86-87.) He further noted that he had been to a mental health center, that he believes he has depression, and that he is often tired during the middle of the day. (*Id.* at PAGEID# 103-104.)

Vocational Expert Bruce Walsh (the "VE") also testified at the administrative hearing. (*Id.* at PAGEID# 109-113.) The VE testified that Plaintiff's past jobs included the following: grinder and chipper, heavy strength, semi-skilled; forklift operator, medium strength, semi-skilled; packager, medium strength, unskilled; and material handler/stock person, heavy strength, semi-skilled. (*Id.* at PAGEID# 109-111.) The VE was provided the following hypothetical to consider:

> Let's assume a hypothetical individual the claimant's age, education and past jobs, light work as defined by the regulations. Push or pull with the left is limited to the occasional level, never climbing ladders, ropes or scaffolds, occasional for climbing ramps or stairs, occasional for crawling, frequent for stooping, kneeling, crouching.

Overhead lift/reaching is limited to the occasional level, occasional use of hazardous machinery, occasional exposure to unprotected heights, work limited to simple, routine and repetitive tasks. Work in a low-stress job defined as only occasional changes in the work setting. Can the hypothetical individual perform any of the past jobs?

(*Id.* at PAGEID# 111.) In consideration of the hypothetical, the VE concluded that "no past work could be performed." (*Id.*) Nevertheless, the VE concluded that there would be other jobs for the hypothetical individual, including as a cleaner, packager, and mail clerk. (*Id.* at PAGEID# 112.) All three would be light, unskilled, and low-stress jobs. (*Id.* at PAGEID# 112-113.)

On June 11, 2015, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID# 60.) The ALJ noted that Plaintiff met the insured status requirements through December 31, 2016. (*Id.* at PAGEID# 62.) At step one of the sequential evaluation process,[1] the ALJ stated that Plaintiff had not engaged in substantially gainful activity since March 17, 2011, the alleged onset date. (*Id.*) The ALJ found that Plaintiff had the severe impairments of adjustment disorder with mixed anxiety and

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

depressed mood; alcohol abuse; and tendinitis of the bilateral rotator cuffs. (*Id.*) Although not a severe impairment, the ALJ also considered Plaintiff's obesity when crafting the residual functional capacity. (*Id.* at PAGEID# 62-63.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID# 63.)

At step four of the sequential process, the ALJ set forth Plaintiff's Residual Functional Capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant only occasionally can push and pull with his left extremity, occasionally climb ramps or stairs, and never can climb ladders, ropes, or scaffolds. [Plaintiff] frequently can stoop, kneel, crouch, and only occasionally can crawl. [Plaintiff] occasionally can perform overhead reaching. [Plaintiff] only occasionally can use hazardous machinery and sustain exposure to unprotected heights. [Plaintiff] is limited to simple, routine, repetitive tasks, and only occasionally can work in low, stress job.

(*Id.* at PAGEID# 64.) Although the ALJ found that Plaintiff's medical impairments could reasonably be expected to cause the alleged symptoms, he concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (*Id.* at PAGEID# 65.) The ALJ instead found that Plaintiff's allegations suggested a far more significant limitation than supported by the record. (*Id.*)

In assessing Plaintiff's mental RFC, the ALJ assigned "great weight" to the July 2013 clinical interview completed by mental health consultative examiner Dr. T. Rodney Swearingen, and "little weight" to the medical source statement prepared by Dr. Lindsay Honaker. (*Id.* at PAGEID# 68.) In assessing Plaintiff's physical RFC, the ALJ accorded the opinion of Plaintiff's treating physician, Dr. William B. Strauch, only "partial weight," reasoning that it was "inconsistent with the medical evidence of record." (*Id.*) The ALJ likewise assigned only

"partial weight" to the August 2011 Independent Medical Examination by Dr. Eugene Lin, the October 2011 Independent Medical Examination by Dr. Seth H. Vogelstein, the November 2011 Office Note of Dr. Robert J. Nowinski, and the May 2011 letter signed by Dr. Stephen Altic, explaining that "[t]hese opinions also contained little source information, did not provide a function-by-function analysis, and were a limited assessment of [Plaintiff's] abilities." (*Id.*) Although the record contained opinions from state-agency reviewing physicians Drs. Mirvis and Das relating to Plaintiff's physical RFC, the ALJ neither weighed nor mentioned those opinions.

Relying on the VE's testimony, the ALJ concluded that Plaintiff was unable to perform his past relevant work, but could perform jobs that exist in significant numbers in the national economy. (*Id.* at PAGEID# 68-69.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at PAGEID# 69.)

On July 12, 2016, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at PAGEID# 46-50.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

**II.**

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486

F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**III.**

In his Statement of Errors, Plaintiff raises four contentions of error. (ECF No. 18.) First, Plaintiff contends that the hypothetical question the ALJ asked the VE was inconsistent with and did not accurately reflect the RFC. (*Id.* at PAGEID# 959-961.) Second, Plaintiff alleges that the ALJ committed legal error when he failed to evaluate the medical opinions of state-agency reviewing physicians Drs. Mirvis and Das. Within this contention of error, Plaintiff points out that both Drs. Mirvis and Das concluded that he had the severe impairment of peripheral neuropathy and that Dr. Mirvis opined that Plaintiff was "limited" in his ability to reach "in front and/or laterally," (ECF No. 11-3 at PAGEID# 131), a limitation the ALJ failed to accommodate

in the RFC he assessed. (ECF No. 18, at PAGEID# 962.) Third, Plaintiff argues that the ALJ's step-three analysis of Listing is "so superficial" as to amount to a "constructive failure" to consider the impairments. (*Id.* at PAGEID# 963.) Finally, Plaintiff asserts that the ALJ's erroneously characterized Plaintiff's bilateral shoulder impairments at step two, explaining that the other diagnoses made in the reports are additional severe impairments not considered by the ALJ. (*Id.* at PAGEID# 965-966.) The undersigned concludes the ALJ's failure to consider the opinions of the state-agency reviewing physicians requires reversal.[2]

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *see also* SSR 96–8p, 1996 WL 374184, *7 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions."); *see also, e.g.*, 20 C.F.R. § 416.913a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 416.920b, 416.920c, and 416.927, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); SSR 96-6p, 1996 WL 374180, *2 (July 2, 1996) (administrative law judges are required to consider state agency medical "findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and Appeals Council are not bound by findings made by State agency . . . but they *may not ignore these opinions* and must explain the weight given to the opinions in their decisions." (emphasis added)). The applicable regulations define medical opinions as

---

[2] This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. Thus, the undersigned need not, and does not, resolve the alternative bases Plaintiff asserts support reversal and remand.

"statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

Regardless of the source of a medical opinion, in weighing the opinion, the ALJ must apply the factors set forth in 20 C.F.R. § 416.927(c), including the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source. In addition, regulations provide that where, as here, the ALJ does not assign controlling weight to the claimant's treating physician, he or she must explain the weight assigned to the opinions of the medical sources. *See* 20 C.F.R. § 416.927(e) ("The rules in § 416.913a apply except that when an administrative law judge gives controlling weight to a treating source's medical opinion, the administrative law judge is not required to explain in the decision the weight he or she gave to the prior administrative medical findings in the claim.").

Indeed, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, *3; *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (state-agency medical consultants are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act;" thus, in some cases, "an ALJ may assign greater weight to a state agency consultant's opinion than to that of a treating . . . source." (first alteration in original) (internal quotation marks omitted)); *Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.").

As set forth above, the ALJ assigned only "partial" or "little" weight to the opinions of Plaintiff's treating physician and those examiners who offered opinions regarding his physical impairments. (ECF No. 11-2, at PAGEID# 67-68.) Yet the ALJ failed to even mention, let alone weigh, the opinions of the state-agency reviewing physicians Drs. Mirvis and Das. As discussed above, as state-agency reviewing physicians, Drs. Mirvis and Das "are highly qualified and experts in Social Security disability evaluation," 20 C.F.R. § 416.913a(b)(1), and the ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *2.

The Commissioner does not dispute that the ALJ failed to mention the opinions of Drs. Mirvis and Das, but contends any such error is "at most harmless error." (ECF No. 21, at PAGEID# 983.) According to the Commissioner, the opinions of Drs. Mirvis and Das were "consistent with, and therefore indirectly addressed by the ALJ's discussions of . . . other medical opinions and findings." (*Id*. at 982.) The Commissioner alternatively posits that the omission was harmless because "the ALJ's RFC accounts [for] the limitations Drs. Mirvis and Das identified," explaining that "[t]he physical portions of the RFC determined by the ALJ match or exceed the limitations Drs. Mirvis and Das identified . . . ." (*Id*. at 982-83.) In support of this assertion, the Commissioner posits that "[t]he ALJ's RFC limitation to occasional pushing and pulling on the left and occasional overhead reaching adequately addressed Dr. Mirvis's limitations related to lifting 'left in front and/or laterally' and 'left overhead' . . . ." (*Id*. at 983 (internal citations to the record omitted).) The undersigned disagrees.

As a threshold matter, the undersigned agrees with the Commissioner that the ALJ's failure to mention the opinions of the state-agency physicians would amount to harmless error where the RFC he assessed accommodated the limitations opined in the opinions. *Cf. Wilson v.*

*Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004) (stating that violations of the procedural rules within the treating physician context constitutes harmless error if the ALJ's decision "makes findings consistent with the opinion"). The undersigned likewise agrees that any error would be harmless where the ALJ indirectly addressed the state-agency physicians' opinions so as to satisfy the goals of the procedural requirements set forth in § 416.927. *Cf. id.* (harmless error where Commissioner "has met the goal" of regulations "even though she has not complied with the terms of the regulations"). But neither of these scenarios occurred here.

Contrary to the Commissioner's assertions, the ALJ's RFC assessment was not consistent with the limitations Dr. Mirvis opined. Dr. Mirvis specifically opined that Plaintiff's ability to push and pull was limited in his left upper extremity. (ECF No. 11-3, at PAGEID# 130.) Later in his opinion, he separately opined that Plaintiff's ability to both reach overhead *and* his ability to reach "in front and/or laterally" was limited in his left extremity. (*Id*. at 131.) Although the RFC the ALJ assessed accommodates the push/pull and overhead reaching limitations, it contains no limitations on Plaintiffs ability to reach in front or laterally. (*See* ECF No. 11-2, at PAGEID# 64.) Moreover, contrary to the Commissioner's assertion, the ALJ does not attack the supportability or consistency of Dr. Mirvis' opinion or his opined limitation on lateral reaching through his discussion of the other medical opinions. The Commissioner cites an August 2010 treatment note from Dr. Phelan Adams, the August 2011 Independent Medical Examination by Dr. Eugene Lin, and the October 2011 Independent Medical Examination by Dr. Seth H. Vogelstein. Nowhere in the ALJ's discussion of these opinions does he explain why he finds that Plaintiff does not require any limitations on his ability to reach laterally. Moreover, all of these opinions were rendered *prior* to Dr. Mirvis' April 2013 opinion, which is significant given that the record evidence reflects that Plaintiff's physical impairments worsened in time.

The undersigned cannot conclude that the ALJ's failure to consider the opinions of the state-agency reviewing physicians constitutes harmless error. His failure to provide any discussion of their opinions or to otherwise provide an explanation for why he rejected the limitation on "in front and/or laterally" reaching Dr. Mirvis opined prevents this Court from conducing meaningful review to determine whether substantial evidence supports his decision. *See Rogers* 486 F.3d at 248 (quoting *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)) ("It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review."); *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 258 (6th Cir. 2015) ("We do not consider this ambiguity harmless error, even though substantial evidence may support the ALJ's evaluation of the medical source opinions, because we cannot meaningfully review the ALJ's actual reasoning."); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'").

In sum, the undersigned finds Plaintiff's second contention of error to be well taken.

## IV.

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                       /s/ *Chelsey M. Vascura*
                                       CHELSEY M. VASCURA
                                       UNITED STATES MAGISTRATE JUDGE